Curran, Dennis J., J.
Introduction
Gail Stewart sued Herb Reed for breach of contract arising out of her twenty-year relationship as Reed’s personal assistant. She alleges that Reed breached his contract by failing to pay her for work performed and by terminating her contract as his personal assistant without cause or justification.
Reed filed a motion to dismiss which was heard yesterday. At that hearing, plaintiffs counsel, to his credit, conceded that no contract of employment actually existed, that Ms. Stewart was an employee-at-will, and that Reed’s “failure to pay” consisted not of neglecting to pay Stewart for services rendered, but rather, during her twenty-year employment, Reed had not reported her income and other earnings to the taxing authorities. With the issues so narrowed by the professionalism and candor of plaintiffs counsel, the Court turns to a discussion of the issue presented.
DISCUSSION
It is axiomatic that the court accepts as true all factual allegations in the complaint as well as any favorable inferences reasonably drawn from them. Here, however, the allegations have been narrowed by counsel’s admissions at the motion hearing:
1.) There was no contract of employment;
2.) Stewart was an employee-at-will; and
3.) Reed’s “breach of contract” consisted of an obligation to Stewart to report her income to the taxing authorities.[1]
Without a contract, Stewart was an employee-at-will and as such, could be terminated without cause. O’Brien v. New England Telephone & Telegraph, Co., 422 Mass. 686, 691 (1996). She has no valid claim in this regard.
Further, Stewart claims that Reed failed to report her income and other earnings to either the Internal Revenue Service or the state Department of Revenue. (Complaint, paragraph 10.) No such cause of action exists. G.L.c. 62C, Section 6 directs that every individual is required to file a tax return. The federal government contains a similar requirement. I.R.S. Section 6012. Thus, the responsibility devolves upon Stewart — not Reed — to report her income and earnings each year. That she chose not to file any tax return for each of twenty years is her own concern, not Reed’s. No breach of contract action can lie from these facts.
ORDER
For the foregoing reasons, Stewart’s complaint must be DISMISSED. No award under G.L.c. 231, Section 6F is made.
Judgment shall enter for the defendant Reed forthwith.

This is consistent with the plaintiffs Statement of Damages in which she alleges that “the defendant failed to report her income and other earnings to either the Internal Revenue Service or the Department of Revenue.”
“As a result of these failures and omissions, the plaintiff Stewart has heen placed in economic hardship, she has no reported income over the course of 25 years, for purposes of Social Security eligibility.”